400 So.2d 102 (1981)
Johnny Lee HALL, Appellant,
v.
STATE of Florida, Appellee.
No. SS-447.
District Court of Appeal of Florida, First District.
June 16, 1981.
*103 Stephen M. Witt, Lake City, for appellant.
Jim Smith, Atty. Gen., Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee.
PER CURIAM.
This appeal is from appellant's conviction of armed robbery, aggravated battery, and possession of a firearm by a convicted felon. Four points are raised by appellant, two requiring reversal.
As to point one, we sustain the lower court's denial of the motion to suppress. The officers had, at the time of the stop of the vehicle in which appellant was an occupant, a founded suspicion for stopping it. Cf. State v. Webb, 398 So.2d 820 (Fla. 1981). And, based upon the observations of the officers at the scene, and the activities of the occupants, the officers were then privileged to search and seize items within and beneath the car. Cf. Byrd v. State, 380 So.2d 457 (Fla.1st DCA 1980), cert. den., 398 So.2d 1352 (Fla. 1981).
We also find appellant's point relating to the insufficiency of the evidence without merit.
We agree, however, with appellant's argument that the lower court erred in admitting into evidence an exhibit showing that appellant had previously been convicted of the felony of robbery, an offense for which appellant was then being tried. In order to establish that appellant had previously been convicted of a felony, the state, over objection, introduced into evidence a prior judgment and conviction of appellant for the crime of robbery. Disclosure of the nature of the prior conviction to the jury was unnecessary and undoubtedly prejudicial to the defendant. The state had introduced testimony of an attorney who had previously represented appellant on a felony charge. The attorney's unrefuted testimony was that appellant had been convicted of a felony. If the state wished to corroborate that testimony by introducing the judgment and sentence, the nature of the crime should have been excised from the document. See Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979). The prejudicial impact of disclosing to the jury a prior conviction for robbery when appellant was then being tried for armed robbery requires reversal.
Additionally, it was error for the trial court to fail to instruct the jury on the crime of attempted possession of a firearm by a convicted felon. Attempted possession of a firearm by a convicted felon is an offense under the laws of Florida. Thorpe v. State, 377 So.2d 221 (Fla.1st DCA 1979). When an attempt to commit the crime charged constitutes an offense under Florida law the trial court must instruct the jury on the subject of attempt. Brown v. State, 206 So.2d 377 (Fla. 1968).
Reversed and remanded for further proceedings consistent with this opinion.
ERVIN, SHAW and WENTWORTH, JJ., concur.