411 So.2d 1345 (1982)
Norman Wesley BOSTON, Appellant,
v.
STATE of Florida, Appellee.
No. AG-15.
District Court of Appeal of Florida, First District.
April 1, 1982.
Rehearing Denied April 23, 1982.
P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
LARRY G. SMITH, Judge.
We affirm appellant's conviction for possession of a weapon by a state prisoner.
Appellant's first point asserts error in the trial court's denial of his requested jury instruction on attempted possession of a weapon, as a lesser included offense. The record discloses that appellant's counsel requested *1346 an instruction on attempted possession, which the court denied. The jury was instructed on the offense of possession of a weapon only, as charged. After the jury retired to consider its verdict, the trial judge reopened the proceedings to allow appellant's counsel to place on record his objection to the court's denial of his requested instruction on attempted possession. The court acknowledged this objection, and further stated that the request for the instruction had been denied because, under the circumstances of the case, it was felt that "there would be no crime for an attempt to possess a weapon."
The state urges that since the objection and the grounds for the objection were not brought to the attention of the trial court before the jury retired to consider its verdict, as required by Rule 3.390(d), Florida Rules of Criminal Procedure, appellate review is foreclosed. It appears to us, however, that the trial judge specifically permitted the procedure here followed, without objection by the state. We agree that ordinarily the rule requiring requests for instructions and objections to be made before the jury retires would control. In this instance, however, although the record is not entirely clear, we assume that the trial court allowed defense counsel to reserve the recording of specific objections and the basis for the court's rulings, as a matter of convenience, until after the jury had been instructed and had retired to deliberate. Accordingly, we hold that the request and objection were sufficiently preserved for review. See Hubbard v. State (Fla. 1st DCA 1982), 7 FLW 483, opinion on motion for rehearing en banc filed February 23, 1982.
Notwithstanding our ruling with respect to appellant's first point, we nevertheless find no reversible error in the failure to give the requested attempt instruction. We accept appellant's contention that under a logical extension of rulings by this and other courts in the state, the attempted possession of a weapon by a state prisoner must be recognized as a crime. See, Hall v. State, 400 So.2d 102, (Fla. 1st DCA 1981); Thorpe v. State, 377 So.2d 221 (Fla. 1st DCA 1977); and Porter v. State, 363 So.2d 41 (Fla. 2nd DCA 1978), cert. den. 368 So.2d 1372 (Fla. 1979). We agree, however, with the state's contention that the trial court denied the requested attempt instruction because, in the trial judge's view, the evidence was not susceptible to an interpretation that an attempt to commit the offense had been committed. We think it cannot be disputed that the evidence in the case would require a finding that either the offense of possession of a weapon by a state prisoner was committed or no offense was committed. Accordingly, we follow Burney v. State, 402 So.2d 38 (Fla. 2nd DCA 1981), and hold that, since upon retrial appellant would not be entitled to the attempt instruction because of changes in the Rules of Criminal Procedure which now provide that the attempt instruction shall not be given if the only evidence proves a completed offense, a retrial would serve no useful purpose. See Rule 3.510, Rules of Criminal Procedure, as amended effective October 1, 1981 (403 So.2d 979 Fla.), and, In the Matter of the Use By Trial Courts of the Standard Jury Instructions In Criminal Cases And the Standard Jury Instructions In Misdemeanor Cases, Nos. 56, 734 and 58, 799 (Fla., April 16, 1981), 6 FLW 305.[1]
We find no error in the court's denial of appellant's motion for judgment of acquittal. See, State v. Allen, 335 So.2d 823 (Fla. 1976); Tillman v. State, 353 So.2d 948 (Fla. 1st DCA 1978); Tibbs v. State, 397 So.2d 1120 (Fla. 1981); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
AFFIRMED.
MILLS and SHAW, JJ., concur.
NOTES
[1] We have considered and rejected appellant's ex post facto argument, based on the principles stated in Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Further, Jackson v. Green, 402 So.2d 553 (Fla. 1st DCA 1981), does not deal with the same issue as presented here.