SHARP, Judge,
dissenting.
Statutory assault[1] is not a necessarily included offense of statutory battery.[2] Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980). Assault requires proof of “an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.” Battery does not require proof of such an act or threat and well-founded fear, but instead requires proof of the unlawful touching or striking of another person.
In this case, Shephard was charged solely with battery and the information failed to allege any of the required elements of assault. However, the trial judge charged on, and Shephard was convicted of, assault, based upon the judge’s misapprehension that assault is a lesser included offense of battery. Instructing the jury on an offense erroneously thought to be a lesser included of the offense charged is reversible error, provided defense counsel timely objects. Ray v. State, 403 So.2d 956 (Fla.1981); Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983).
I think in this case the objection was timely made, although the record is not as clear as it could be. Defense counsel claimed he objected at the pretrial conference, but the court said it would allow *481 counsel to make their objections later on the record. Immediately after the closing arguments the court gave its instructions and had the jury retire. It then asked counsel, “[N]ow, gentlemen, are there any objections to the Court’s charge as read?” Defense counsel objected to the assault charge and was overruled.
At a later hearing, the court said it often followed the practice of putting objections on the record later, although it did not recall defense counsel’s earlier objection at the instruction conference. However, the fact that the court asked counsel for their objections after the jury retired lends substance to defense counsel’s position. Based on similar facts, other courts have held objections made after the jury retires were timely, Boston v. State, 411 So.2d 1345 (Fla. 1st DCA), petition for review denied, 418 So.2d 1278 (Fla.1982), despite Florida Rule of Criminal Procedure 3.390(d).
I would reverse the judgment against Shephard on due process grounds.

. § 784.011, Fla.Stat. (1983).

. § 784.03, Fla.Stat. (1983).