511 So.2d 1068 (1987)
General Jackson PRIDE, Appellant,
v.
STATE of Florida, Appellee (Two Cases).
Nos. BP-424, BP-426.
District Court of Appeal of Florida, First District.
August 24, 1987.
Michael E. Allen, Public Defender; David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen.; John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
Appellant raises several issues challenging his convictions and sentences in these *1069 two consolidated cases.[1] We find one of the issues  an issue raised in both cases  to have merit.
In the first case (BP-424), appellant was convicted of one count of armed burglary, three counts of sexual battery with a deadly weapon, and two counts of armed robbery (firearm). Appellant was sentenced to life imprisonment on each count, along with the three-year minimum mandatory sentence on each of the robbery convictions. Each sentence imposed was to run concurrently with the other sentences.
In the second case (BP-426), appellant was convicted of one count of armed burglary, four counts of sexual battery with a deadly weapon, and one count of armed robbery (firearm). For these convictions, appellant was sentenced to life imprisonment on each count, along with the three-year minimum mandatory terms imposed for the armed burglary count and the armed robbery count. The trial judge further ordered that all of the sentences in this second case were to run concurrently with each other, but were to run consecutively to the sentences imposed in the first case.
We affirm the convictions on all of the sexual batteries and armed burglaries. However, as to the armed robbery counts only, we must reverse and remand for a new trial. The basis for appellant's entitlement to a new trial on the armed robbery counts is the refusal by the trial judge to instruct the jury on the lesser included offense of robbery while carrying a weapon.
It has been consistently held that the offense of robbery while carrying a weapon is a necessarily lesser included offense of robbery while carrying a firearm or other deadly weapon, and that it is error for the trial court to refuse to instruct the jury on that offense. Reddick v. State, 394 So.2d 417 (Fla. 1981); Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983); Flint v. State, 463 So.2d 554 (Fla. 2d DCA 1985); and Thompson v. State, 487 So.2d 311 (Fla. 5th DCA 1986). The trial judge has no discretion as to whether to instruct the jury on a necessarily lesser included offense, State v. Wimberly, 498 So.2d 929 (Fla. 1986), even if the evidence at trial is clear and uncontroverted that the robbery was committed with a firearm or other deadly weapon. Reddick, supra.[2]
Moreover, an argument of harmless error is unavailing to the state in this case. In State v. Abreau, 363 So.2d 1063 (Fla. 1978), the Supreme Court established that the failure to instruct the jury on the next immediate lesser included offense  that is, the offense one step removed from the offense of conviction  constitutes error that is per se reversible, whereas an omitted instruction relating to a lesser offense two or more steps removed from the offense of conviction may be found to be harmless error. In the instant case, the trial judge, although instructing the jury on robbery without a weapon (two steps removed from the offense of conviction), did not instruct on the offense of robbery while carrying a weapon, a necessarily lesser included offense only one step down from the offense of conviction. Therefore, under Abreau, the error in this case cannot be deemed harmless.
In the second case (BP-426), appellant has further argued that the trial court erred in denying his request that the jury be instructed on attempted sexual battery. Appellant asserts that one of the victims testified that on the second occasion in *1070 which appellant had sexual contact with her, he had only "partially" penetrated her. Appellant contends that such evidence required the trial court to give the requested jury instruction on attempted sexual battery. We disagree.
As alluded to in footnote 2, supra, since the 1981 amendments to Fla.R.Cr.P. 3.510, trial courts are no longer required to instruct on an attempt to commit the charged offense regardless of the evidence. Since 1981, that Rule has provided that "[t]he judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense." See Boston v. State, 411 So.2d 1345 (Fla. 1st DCA 1982). In the present case, the only evidence proved a completed offense.[3] Section 794.011(1)(h), Florida Statutes, defines sexual battery as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another... ." Under the statutory definition, any penetration, no matter how slight, constitutes a completed sexual battery. In fact, as is evident from such definition, penetration, as such, is not essential to the commission of a sexual battery. The trial judge was thus correct in denying appellant's requested instruction on attempted sexual battery.
The appellant also claims that the sentences imposed constituted a departure from the sentencing guidelines and that the trial court failed to give clear and convincing reasons therefor.[4] The guidelines scoresheet called for a sentence of life imprisonment. As earlier noted, the trial court ran the life sentences in the second case consecutive to the sentences in the first case. Notwithstanding the state's argument to the contrary, the trial court's running the life sentences consecutive to each other constituted a departure from the guidelines thus requiring clear and convincing reasons therefor. See Rease v. State, 493 So.2d 454 (Fla. 1986). However, the trial court did indeed set forth in a written order reasons for departure which we have examined and find to be clear and convincing.
We would note that even without the points scored for the robbery convictions  which convictions must be reversed and remanded for new trial  the remaining points still place the appellant in the life imprisonment cell. Also, the reasons for departure articulated by the court deal strictly with the sexual batteries and burglaries as opposed to the robberies. Accordingly, notwithstanding reversal of the robbery convictions, there is no need to order resentencing on the sexual battery and burglary convictions.
We have examined the remaining points urged by the appellant and find them to be without merit.
The judgments and sentences on the sexual battery and burglary counts in both cases are Affirmed. The judgments and sentences on the robbery counts in both cases are Reversed, and we Remand for new trial as to those counts.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] We have sua sponte consolidated these cases.
[2] Lest there be any question, the 1981 changes in Fla.R.Cr.P. 3.510 and 3.490 and in the schedule of lesser included offenses, see In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981), did not change the previously established rigid requirement that the trial court instruct on necessarily lesser included offenses regardless of the evidence. Any doubt in that respect has been laid to rest by the Supreme Court:

The modification of the schedule of lesser included offenses and of rules 3.510 and 3.490 was a major change because it substantially reduced the number of lesser offenses on which the trial judge must instruct the jury. It broadened the trial judge's authority to determine the appropriateness of instructing on attempts and degrees of offenses. It did not, however, extend that discretionary authority to necessarily lesser included offenses.
State v. Wimberly, 498 So.2d 929, 931 (Fla. 1986).
[3] The defendant did not testify.
[4] Although the appellant was tried separately on these two cases which we have consolidated on appeal, he was sentenced on all counts in both cases at the same time and one guidelines scoresheet was prepared as provided by Fla.R.Cr.P. 3.701(d)(1).