513 So.2d 213 (1987)
Michael Anthony BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-174.
District Court of Appeal of Florida, First District.
September 23, 1987.
*214 Michael E. Allen, Public Defender and David P. Gauldin, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The issues raised in this criminal appeal are that the court erred in refusing to allow the defense to introduce "similar fact" evidence at trial, and that the court recited invalid reasons for departing from the recommended guideline range. We affirm.
Following appellant's arrest for the offenses of burglary and attempted robbery, the state filed a notice of intent to offer similar fact evidence, seeking to introduce evidence of another robbery with which the appellant had been charged in a separate case. Prior to trial, the separate charge of robbery was nolle prossed and, consequently, the state no longer sought to introduce it as similar fact evidence. The defense nonetheless argued that it should be allowed to introduce as evidence the nolle prossed case, for the purpose of showing that in the other case the witness had made a mistaken identification of the appellant.
We agree with the trial court that the introduction of such evidence was inadmissible, on the ground that the evidence sought to be introduced was not sufficiently analogous to constitute "similar fact" evidence. Section 90.404(2)(a), Florida Statutes, provides that similar fact evidence is admissible when relevant to prove a material fact in issue. The fact that another victim in another case misidentified the appellant has no relevancy to the credibility of the identification testimony of the witnesses in the present case.
Our affirmance of the trial court's ruling, however, is not based on the assumption that similar fact evidence under section 90.404(2) may only be offered by the prosecution against the defendant. There is case law supportive of such a position. In Moreno v. State, 418 So.2d 1223, 1225 (Fla. 3d DCA 1982), the Third District held that section 90.404(2) "applies only to the use of similar crime evidence by the state against the defendant in a criminal trial." (e.s.) We cannot agree with the Third District's interpretation of section *215 90.404(2).[1] While most cases generally involve the offer of similar fact evidence by the prosecution against a defendant in a criminal case, there is nothing in the language of the statute which precludes the use of evidence offered by a defendant in a criminal case, or by the parties in a civil action.[2]See C. Ehrhardt, Florida Evidence § 404.9 (2d Ed. 1984).
We also affirm the trial court's departure from the sentencing guidelines. Four of the six reasons given  the appellant's escalating pattern of criminal behavior, Keys v. State, 500 So.2d 134 (Fla. 1986), the "timing" of the offense, Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986), approved, 504 So.2d 392 (Fla. 1987), the appellant's prior violations of probation, State v. Pentaude, 500 So.2d 526 (Fla. 1987), and the appellant's unamenability to attempts at rehabilitation, Scott v. State, 508 So.2d 335 (Fla. 1987)  are valid.[3] Although the court's statement that "any one of the reasons given, singly or in any combination, would cause this court to depart" does not alone satisfy beyond a reasonable doubt the standard of Albritton v. State, 476 So.2d 158 (Fla. 1985), see Griffis v. State, 509 So.2d 1104 (Fla. 1987), we are satisfied from our review of the entire record that the trial court's sentence would be the same without the impermissible reasons.
AFFIRMED.
THOMPSON, J., and MINER, CHARLES E., Associate Judge, concur.
NOTES
[1] The interpretation was unnecessary to the result, in that the court held the evidence sought to be produced by the defendant was relevant, therefore admissible.
[2] In Gatto v. Public Supermarket, Inc., 387 So.2d 377 (Fla. 3d DCA 1980), a civil action for assault and battery, false arrest and imprisonment, and malicious prosecution, the court held that evidence of the plaintiff's prior shoplifting incident was not, per se, inadmissible, citing section 90.404.
[3] The appellant argues that the trial court's reliance on the habitual offender statute in sentencing is an invalid reason for departure under Whitehead v. State, 498 So.2d 863 (Fla. 1986). However, the court also clearly held that the stated departure reasons were, "in and of themselves[,] clear and convincing reasons for aggravating Defendant's sentence above the guideline range of sentence."