BARFIELD, Judge.
Appellant appeals his conviction for sexual battery on a child under the age of eleven, in violation of section 794.011(2), Florida Statutes. We find no reversible errors among the issues raised on appeal.
The trial court did not err in refusing to allow the testimony of defense witnesses as to prior inconsistent statements allegedly made by the victim as the victim had never been asked if she had made such statements. Section 90.614(2), Florida Statutes. There was sufficient evidence in the victim’s testimony to establish penetration. Although excludable upon a timely objection, the testimony of the child sexual abuse expert that it was her conclusion the victim had been sexually abused by appellant did not constitute fundamental error such that it may be raised for the first time on appeal. Inexplicably no objection was made at trial. The record reflects the trial court adequately considered the factors the trial court is to consider in finding sufficient safeguards of reliability in out-of-court statements of child sexual abuse victims, under section 90.803(23). Distefano v. State, 526 So.2d 110 (Fla. 1st DCA 1988).
We do note a matter regarding the sentencing which was not raised on appeal. The conviction was under section 794.-011(2), which is a capital felony. The judgment incorrectly reflects that the crime was an “LF,” a life felony. The sentence imposed was for a term of natural life but does not include a minimum mandatory 25 years as required for a capital felony. Section 775.082(1). Due to the absence of a guidelines scoresheet in the record, it appears the sentencing was treated as a capital felony, as a life felony would require a scoresheet under section 921.001(4)(a). Sentencing errors that produce an illegal sentence and are apparent from the record can be raised on appeal without a contemporaneous objection. Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987). We sua sponte raise this issue as it is apparent from the record. On remand, the trial court is to amend the judgment to show that the crime was a capital felony, and not a life felony, and to correct the sentence to reflect that a 25 year minimum mandatory sentence is to be served.
The conviction is AFFIRMED and the case REMANDED to correct the sentence consistent with this opinion.
THOMPSON and NIMMONS, JJ., concur,