PER CURIAM.
The defendant, Larry Williams, appeals his conviction and sentence for armed rob *755 bery and his sentence for armed kidnapping.[1] We reverse and remand for a new trial.
The defendant, Larry Williams, was charged with robbery with a firearm or deadly weapon in contravention of section 812.13(2)(a), Florida Statutes, (1987) [hereinafter referred to as “armed robbery”], armed kidnapping, and unlawful possession of a firearm while engaged in a criminal offense. At trial, the defendant requested instructions on simple or strong-armed robbery and on grand theft in addition to the petit theft charge given by the court. Williams’ requests were denied and the jury was given a single verdict form on the robbery charge. The form contained a not guilty space, a petit theft space, and a guilty space with two boxes, one for with a firearm, and one for without a firearm. In effect, the jury had to choose one of three possible verdicts: not guilty of any crime, guilty of the lesser-included offense of pet-it theft, guilty of robbery with or without a firearm.
The court instructed the jury that the lesser included crimes included in the definition of robbery are armed robbery and petit theft. The jury was also instructed that if the state has proven that the defendant carried a firearm during the course of the robbery, then they should find him guilty of robbery with a firearm.
The defendant was convicted as charged. The court entered judgment and imposed two, concurrent, twenty-seven year sentences on the armed robbery and kidnapping charges, and suspended sentence on the firearm count. The court also imposed two consecutive three year minimum-mandatory sentences. The defendant appeals.
On appeal, the defendant contends that the trial court erred in refusing to instruct the jury on simple or strong-armed robbery and grand theft as lesser included offenses of robbery. We agree.
The courts have used the term “armed robbery” to describe an aggravated form of robbery in which the defendant uses a dangerous weapon. Stanford v. State, 110 So.2d 1 (Fla.1959); Parks v. State, 213 So.2d 744 (Fla. 3d DCA 1968). The terms “strong-armed” or “simple” robbery are used to describe the form of robbery in which the defendant carries no firearm or weapon. See § 812.13(2)(c), Fla. Stat. (1987). Both robbery with a weapon and simple or strong-armed robbery are “category 1” lesser included offenses of armed robbery. In re Standard Jury Instructions in Criminal Cases, 543 So.2d 1205, 1237 (Fla.1989). Grand theft offenses are “category 2” lesser included offenses of armed robbery. Id. A “category 1” offense is necessarily included in the offense charged, while a “category 2” offense may or may not be included in the offense charged. In re Use by Trial Courts of Standard Jury Instructions, 431 So.2d 594, 596, modified, 431 So.2d 599 (Fla. 1981). Therefore, simple robbery is a necessarily lesser included offense of armed robbery. Thompson v. State, 487 So.2d 311 (Fla. 5th DCA), review denied, 494 So.2d 1153 (Fla.1986).
In State v. Wimberly, 498 So.2d 929, 932 (Fla.1986), the court held that once an “offense is a necessarily lesser included offense, an instruction must be given.” See also Wilson v. State, 566 So.2d 36 (Fla. 4th DCA 1990) (reversing conviction based on verdict form which omitted lesser included offense); Thompson, 487 So.2d at 311 (defendants charged with robbery while carrying a deadly weapon entitled, upon request, to instruction on necessarily lesser included offense of robbery without a weapon, regardless of whether instruction is supported by evidence). The check boxes on the verdict form for the robbery charge, which permitted the jury to find that the offense was committed either with *756 or without a firearm, are required to test the state’s proof of personal possession of a firearm for the purpose of applying the three-year minimum-mandatory term authorized by section 775.087(2)(a), Florida Statutes, (1987). See State v. Overfelt, 457 So.2d 1385 (Fla.1984); Lopez v. State, 470 So.2d 58 (Fla. 3d DCA 1985). These check boxes did not obviate the need for a specific instruction on simple robbery as a lesser-included offense and a separate verdict form since the jury was not given the option of finding the defendant guilty of a lesser-included offense. For the foregoing reasons, we find that the trial court erred in refusing to instruct the jury on simple robbery as a lesser-included offense.
This error may not be considered harmless under State v. Abreau, 363 So.2d 1063 (Fla.1978) (holding that where the omitted instruction relates. to an offense two or more steps removed from the offense charged the error is harmless) because the trial court did not give an instruction on the next immediate lesser included offense, robbery while carrying a weapon. Thompson v. State, 487 So.2d 311 (Fla. 5th DCA), review denied, 494 So.2d 1153 (Fla.1986). Accordingly, the defendant’s conviction for armed robbery is reversed and remanded for a new trial.
Since we have reversed the defendant’s conviction for armed robbery, we do not need to address his remaining contention that the trial court erred in stacking two consecutive minimum-mandatory terms for armed robbery and armed kidnapping where both offenses occurred during a single continuous criminal transaction.
Reversed and remanded for a new trial.

. The defendant had also appealed his conviction for possession of a firearm during the commission of a felony alleging that his conviction for armed robbery and for possession of a firearm during the commission of a felony constitutes double jeopardy. However, the assistant public defender properly conceded during oral argument that by enacting the 1988 amendment to section 775.021(4), Florida Statutes (Supp. 1988), the legislature has made such a contention erroneous.