591 So.2d 278 (1991)
Charles I. GLEASON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-2414, 90-2630.
District Court of Appeal of Florida, Fifth District.
November 29, 1991.
Rehearing Denied January 9, 1992.
James G. Kontos and Daniel S. Ciener of the Law Firm of Daniel S. Ciener, Merritt Island, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
*279 DAUKSCH, Judge.
This is an appeal from a conviction for attempted sexual battery, battery and false imprisonment.
These convictions arose out of an episode where the prosecution witness said she was raped in a van and then while attempting to escape was captured and beaten outside the van. We reverse because the trial judge improperly instructed the jury and allowed improper testimony and prosecutorial conduct.
As to the erroneous instruction, it was error to charge the jury on attempted sexual battery when "... there was no evidence to support such attempt and the only evidence proves a completed offense." Fla.R.Crim.P. 3.510(a); Pride v. State, 511 So.2d 1068 (Fla. 1st DCA 1987); Henry v. State, 445 So.2d 707 (Fla. 4th DCA 1984). Because the jury found appellant not guilty of the crime charged he cannot be tried again for the sexual battery allegation.
At trial the police officer testified about an interview with the prosecution's witness at a hospital after the alleged incident. That testimony was meant to bolster the testimony of the prosecution's witness at trial and was no more than a prior consistent statement. The defendant did not assert any charge of recent fabrication at trial so this hearsay is inadmissible. Keller v. State, 586 So.2d 1258 (Fla. 5th DCA 1991).
The prosecutor made various improper and inflammatory statements in final argument. Among those are:
The State contends the Defendant not only controlled the victim. He controlled witnesses. You have seen the witnesses he has brought in. Apparently there is one witness he couldn't control. Where is Morgan?
I would bet a few witnesses used more than alcoholic beverages on May 13th and May 12th.
[T]hat's where you have what [____] saw that night, him pulling her back to that van. To do what? To commit another felony? To commit another sexual battery? Maybe he didn't get finished off ... or was he going to try to lessen the chance of detection of the felony that had already been committed.
The Defense, especially in cases like this, attack the victim. We talked about TV shows and the expectations. That's why they've got to attack the victim.
The clear implication is that the accused has committed other crimes and possibly was about to commit murder to silence the witness. These indefensible comments are fundamentally unfair and cause reversal. See also Stokes v. Wet 'N Wild, Inc., 523 So.2d 181 (Fla. 5th DCA 1988).
The judgment is reversed and this cause remanded for a new trial for battery and false imprisonment.
REVERSED and REMANDED.
HARRIS, J., and WALDEN, J.H., Senior Judge, concur.