622 So.2d 31 (1993)
Thomas F. WILSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 91-2571.
District Court of Appeal of Florida, First District.
July 7, 1993.
Nancy A. Daniels, Public Defender, David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Andrea D. England, Asst. Atty. Gen., Tallahassee, for appellee.
MICKLE, Judge.
Thomas F. Wilson, Jr., appeals his conviction and sentences of capital sexual battery (on children under age 12) and lewd and lascivious assault in violation of sections 794.011(1)-(2) & 800.04(1), Florida Statutes (1989), respectively. We affirm.
Appellant alleges the trial court erred in its failure to grant the motion for severance (Issue I), 2) to take judicial notice of the state's dismissal of Count VII of the information and allow defense counsel to argue the dismissal to the jury (Issue II), and 3) to give the jury an "attempt" instruction on the sexual battery and lewd and lascivious assault counts (Issue III). Issue IV challenges the sufficiency of the evidence to support the seven remaining counts in the information and the convictions.
We find no reversible error as to Issue I. As to Issue II, we find no abuse of discretion. See sections 90.203-.206, Florida Statutes (1989); Brown v. State, 513 So.2d 213, *32 214 (Fla. 1st DCA 1987), cause dism., 520 So.2d 583 (Fla. 1988). On Issue IV, concerning the sufficiency of the evidence, we find the evidence supporting Appellant's convictions is competent and substantial. Davis v. State, 569 So.2d 1317, 1318 (Fla. 1st DCA 1990); Snodderly v. State, 528 So.2d 982 (Fla. 1st DCA 1988).
We believe it will prove useful to explain the basis of our affirmance of Issue III, the trial court's failure to give an attempt instruction for any of the offenses charged. Counts I, III, V and VII of the information charged Appellant with unlawfully committing sexual battery on, or injuring the sexual organs of during an attempt upon, a person less than 12 years of age, in violation of section 794.011(1)-(2). Counts II, IV, VI and VIII charged that Appellant unlawfully handled, fondled, or made an assault on a child under the age of 16 in a lewd, lascivious or indecent manner, in violation of section 800.04(1). The alleged victims of the offenses are four sisters, ranging in age from 5 to 11 1/2 years at the time of the offenses. The state nolle prossed Count VII.
At the charge conference, defense counsel specifically requested a jury instruction on attempted sexual battery and attempted lewd and lascivious assault. Section 777.04(1), Florida Statutes (1989), governs attempts and provides:
Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpretration or is intercepted or prevented in the execution of the same, commits the offense of criminal attempt and shall, when no express provision is made by law for the punishment of such attempt, be punished as provided in subsection (4). The offense of criminal attempt shall include the act of an adult who, with intent to commit an offense prohibited by law, allures, seduces, coaxes, or induces a child under the age of 12 to engage in an offense prohibited by law.
The standard jury instruction for attempt to commit a crime reads alternatively as follows. When attempt is charged or is a lesser included offense, the instruction begins:
[Before you can find the defendant guilty of an Attempt to Commit (crime charged), the State must prove the following two elements beyond a reasonable doubt:]
When it is necessary to define attempt as an element of another crime, the instruction begins:
[In order to prove that the defendant attempted to commit the crime of (crime charged), the State must prove the following beyond a reasonable doubt:]
Following either of the above initial instructions, the following elements are read:
1. (Defendant) did some act toward committing the crime of (crime attempted) that went beyond just thinking or talking about it.
2. He would have committed the crime except that
[someone prevented him from committing the crime of (crime charged).]
[he failed.]
The defense included in section 777.04(5)(a) is to be read as follows:
It is not an attempt to commit (crime charged) if the defendant abandoned his attempt to commit the offense or otherwise prevented its commission, under circumstances indicating a complete and voluntary renunciation of his criminal purpose.
The trial court refused to give an attempt instruction, based on its understanding 1) that "attempt" is listed in the Standard Jury Instructions in Criminal Cases as a Category 2 lesser included offense for both sexual battery and lewd and lascivious assault, see In re Standard Jury Instructions in Criminal Cases, 543 So.2d 1205, 1236 (Fla. 1989), and 2) that the decision whether to give an "attempt" instruction is discretionary unless the evidence supports attempt. In In re Standard Jury Instructions, the "Comment on Schedule of Lesser Included Offenses" defines Category 2 as including "[o]ffenses which may or may not be included in the offense charged, *33 depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses." Id. at 1232; Williams v. State, 579 So.2d 754, 755 (Fla. 3d DCA 1991). Note 4 of the Comment provides: "Except as stated above, attempts to commit crimes generally are included unless the evidence conclusively shows that the charged crime was completed. In such case, attempt should not be instructed." 543 So.2d at 1233. "Attempt" is listed under Category 2 for both sexual battery and lewd and lascivious assault. 543 So.2d at 1236.
An instruction on a permissible lesser included (Category 2) offense must be given "only where the pleading and proof coincide," see Henry v. State, 445 So.2d 707, 708 (Fla. 4th DCA 1984), and "the pleadings and the evidence demonstrate that the lesser offense is included in the offense charged." Cooper v. State, 512 So.2d 1071, 1072 & n. 1 (Fla. 1st DCA 1987). (Emphasis in original.) See State v. Weller, 590 So.2d 923, 926 (Fla. 1991); Amado v. State, 585 So.2d 282 (Fla. 1991). Thus, whether a charge of a lesser crime, such as attempt, under Category 2 is necessary will require the trial court to analyze the charging document as well as the proof to determine whether elements of Category 2 crimes have been alleged and proved. State v. Wimberly, 498 So.2d 929, 931 (Fla. 1986); In re Standard Jury Instructions, 543 So.2d at 1232-33; Johnson v. State, 572 So.2d 957, 959 (Fla. 1st DCA 1990), approved, 601 So.2d 219 (Fla. 1992) (existence of Category 2 lesser offense is discoverable only on close examination of the allegations and proof connected with the charge).
Fla.R.Crim.P. 3.510 states:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
The state maintains that absolutely no evidence was presented from which the jury could have concluded that either attempted sexual battery or attempted lewd and lascivious assault occurred. If the state is correct, then it would have been error for the trial court to charge the jury on an "attempt" offense where the only evidence proved a completed offense. See Fla.R.Crim.P. 3.510(a); Gleason v. State, 591 So.2d 278, 279 (Fla. 5th DCA 1991); Pride v. State, 511 So.2d 1068 (Fla. 1st DCA 1987); Henry.
Appellant relies on Firkey v. State, 557 So.2d 582, 586 (Fla. 4th DCA) (on reh'g), rev. den., 574 So.2d 140 (Fla. 1990), in which the Fourth District Court said "[a]ttempted sexual battery on a child under the age of eleven is a lesser necessarily included offense of the charged offense of sexual battery on a child under the age of eleven." (Emphasis supplied.) The state correctly points out that the court in Firkey considered lesser included offenses in the context of sufficiency of the evidence to support conviction, rather than in the context of jury instructions, and provided no supporting statutory or decisional authority for the statement quoted above. We find the Supreme Court of Florida has addressed the classification of attempts for both of the types of crime with which Appellant was charged and has placed attempts among the Category 2 permissively lesser included offenses. See 543 So.2d at 1236.
In light of the applicable law, as stated in Wilcott v. State, 509 So.2d 261, 262 (Fla. 1987), we review the evidence to determine whether it conclusively and irrefutably shows the charged crimes were committed completely rather than merely attempted.

*34 Counts I & II

Count I charged Appellant with commission of sexual battery on (or injury of the sexual organs of during an attempt on) S.K., by oral, anal or vaginal penetration by, or union with, Appellant's penis. The information essentially tracks the language defining "sexual battery" in section 794.011(1)(h), Florida Statutes (1989). Count II alleged he "did unlawfully handle, fondle, or make an assault" on her "in a lewd, lascivious or indecent manner," in violation of section 800.04(1). S.K., who was 11 1/2 years old at the time of the alleged offenses, testified that Appellant, who lived in a trailer near her family's residence, invited her over to help him unpack shortly after Easter. As S.K. bent over to pick up something, Appellant touched or rubbed her on the hip, on top of her clothes, and persisted in doing so despite her asking him to quit. After two more unsuccessful requests for Appellant to stop doing this, S.K. returned home. Over a defense objection, and after an instruction based on the rule in Williams v. State, 110 So.2d 654 (Fla.), cert. den., 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), S.K. related another incident that occurred in a Panama City motel room. While watching a movie, Appellant forced her back on the bed, pulled down his shorts and hers, and "stuck his bad spot" on hers, rubbing her for about five minutes. After Appellant stopped, S.K. noticed her "bad spot" was wet.
She described a third incident that took place at night at Turner's Landing, a popular swimming place. She testified Appellant drove her there on his motorcycle. With no one else present, he forced her back on the motorcycle, pulled down her shorts and unzipped his, and "stuck his bad spot" on hers. He "rubbed up and down" for about five minutes; it was painful and did not feel very good. Afterwards, the area down on her "bad spot" was wet. They returned home. On cross-examination, S.K. said she had watched an Oprah Winfrey Show about the improper touching of children by adults. On redirect examination, she said she did not see the television show until after she had talked to Angie (apparently an HRS worker) and to Sue Ellen (a police officer) about what had happened between her and Appellant. S.K. was subsequently recalled to testify and demonstrated with dolls what Appellant had done to her: the male doll's penis touched the female doll's vaginal area. She referred to the male doll's penis and the female doll's vaginal area as a "bad spot." Defense counsel specifically asked S.K. three different times whether Appellant had put his "bad spot" inside of her, to which she always responded "I do not know." Asked whether she knew the meaning of "union," see section 794.011(1)(h), S.K. associated the term with "a country or state" but had not heard the word used "to mean a coming together." See Standard Jury Instructions  Criminal Cases No. 92-1, 603 So.2d 1175, 1223 (Fla. 1992) ("union" is alternative to penetration and means "coming into contact").
Dr. James Mitchell, a pediatric physician, testified he was a member of the HRS Child Protection Team and had performed vaginal and anal examinations of S.K. on August 21, 1990, for evidence of sexual abuse. The information alleged the charged offenses occurred sometime from May 1 to July 9, 1990. It was Dr. Mitchell's opinion that "there was no physical evidence of any vaginal penetration," "no abnormality of the anus," and "no medical evidence of any anal penetration." He found "no medical evidence or physical evidence to support sexual abuse" of any of the four children. The doctor acknowledged, however, that because of the passage of time from the alleged offenses to the date of examination, "any lacerations or tears or bruises ... could have healed by the time of the examination." He also stated that it would be possible to insert a pen or pencil into the anus of a small child without leaving scars, tears or other physical evidence. Likewise, he testified it would be possible to insert a pen into a child's vagina without tearing the hymen. When asked whether, having examined the four victims, he had an opinion as to whether there was vaginal penetration of any of the four girls, Dr. Mitchell responded: "I have no evidence that there was vaginal *35 penetration but now I don't have an opinion as to whether there was or not. I just don't have any evidence to show that there was." Accordingly, Dr. Mitchell's findings did not "absolutely eliminate the possibility that there could have been some sexual abuse to these four children."
Appellant took the stand in his own behalf. He admitted he and S.K. frequently had ridden to the swimming hole, but never at night, and that other persons had always been present. He also admitted being in the Panama City motel room with her, but he said he never tried to have sexual intercourse with her nor did he ever rub her on her bottom. In fact, he categorically denied ever molesting S.K. or any of the other girls. He characterized the sisters as his friends, and admitted he sometimes had given each of them "a hug or kiss on the cheek or those [sic] sort of things."

Counts III & IV
Count III charged Appellant with sexual battery upon L.K., then nine years old, by oral, anal or vaginal penetration by, or union with, Appellant's penis, or "by anal or vaginal penetration with an object, towit: a pen, or a spoon, or [Appellant's] finger." Count IV charged Appellant "did unlawfully handle, fondle, or make an assault upon" L.K. in a lewd, lascivious or indecent manner. L.K. testified about two different occasions when Appellant removed her clothing and kissed her on her "privates," and another occasion when he stuck a black and white ink pen inside her "front part" or "front privates."
As to the offenses against L.K., Appellant denied committing any of the crimes. No evidence of any attempted offense against L.K. was presented.

Counts V & VI
Count V alleged sexual battery upon A.K., seven or eight years old at the time of the alleged offenses, by oral, anal or vaginal penetration by, or union with, Appellant's penis, or by anal or vaginal penetration with an object, to-wit, a pen. Count VI alleged a lewd and lascivious assault on her. A.K. testified about three incidents of improper touching on unspecified dates when she was not in school. First, in Appellant's trailer, he touched her "private parts" with his finger, while he stood and she lay on the bed. In court, A.K. identified her various body parts and described the area touched as her "front part." A second incident occurred in Appellant's car while he and A.K. were on a trip between home and Alabama, when he touched her "front part" on top of her clothes. The third incident occurred in Appellant's trailer when he "stuck a pen" and a pencil in her "back part," as well as "kissed" and touched her "private parts." She said the bottom end of the pen went inside her and hurt enough to make her cry. The eraser end of the pencil was inserted inside her back part. Appellant once told A.K. that if she told anyone about this, "he would put a belt on" her.
Appellant denied committing any crime upon A.K. Nothing in the record supports an attempt instruction relating to Appellant's acts toward A.K.

Count VIII
The state nolle prossed Count VII. Count VIII alleged Appellant unlawfully handled, fondled or made an assault on a fourth sister, S.K., age five. Responding to the state's questions, S.K. identified her head and chest; she indicated her "private parts" were the vaginal area. She testified that, on two different occasions, Appellant had pulled her shorts down and touched her "private parts" when she was in his bed. On the second occasion, Appellant took off her clothes and touched her "private parts" with his hands. S.K. did not tell her mother about either incident because Appellant had threatened "to whip [her] butt" if she did. When asked whether the alleged acts were actually something she had seen on a television show, S.K. responded "No, sir." When asked whether the incidents really happened, she answered in the affirmative.
Appellant unequivocally denied committing any offense upon S.K. As was true with the other victims, the evidence relating *36 to S.K. fails to demonstrate a mere attempted offense.
Appellant contends that the colloquial, unscientific terms used by the children to describe the vaginal and anal areas could have created confusion in the mind of the jury regarding what had occurred. Being mindful of the victims' tender years, and having carefully reviewed the children's testimony in the context of the overall presentation of evidence and the thorough questioning by the state, we conclude that the jury could have reasonably inferred from the evidence that Appellant's acts meet the legal definitions of the charged offenses. See Stone v. State, 547 So.2d 657, 658-59 (Fla. 2d DCA 1989) (child's limited sexual vocabulary, which resulted in imprecise description of genital area of her body, was excusable where direct evidence supported conviction for sexual battery).

Absence of Evidence to Prove Attempt
We adopt the state's position that the evidence allowed the jury to choose from only two alternatives: 1) Appellant committed the completed crimes as charged, or 2) Appellant neither committed nor even attempted any of the crimes charged. The state cites our decision in Pride, 511 So.2d at 1068, in which the defendant was charged with sexual battery with a deadly weapon, among other offenses. Like Appellant in the case at bar, Pride argued on appeal that the trial court had erred in denying his request for a jury instruction on attempted sexual battery. He relied on testimony of one of the victims that Pride had only "partially" penetrated her. Citing Fla.R.Crim.P. 3.510(a), we found Pride's argument to be without merit because the only evidence proved a completed offense. Id. at 1070. Thus, the trial court was correct in denying Pride's requested instruction on attempt. See Bain v. State, 526 So.2d 170 (Fla. 1st DCA 1988) (trial court was justified in refusing to give instructions on attempt where the only evidence proved a completed offense). Cf. Lunsford v. State, 426 So.2d 1178 (Fla. 5th DCA 1983) (where the evidence unequivocally showed someone had committed a robbery, and the defense's alibi placed the defendant elsewhere at the time of offense, the trial court correctly refused to give the requested instruction on attempted robbery that contemplated the jury's pardoning power).
As to each crime charged and each of the four victims, we hold the evidence either conclusively shows the charged crime was completed upon the victim, or else it demonstrates Appellant neither committed nor even attempted any offense at all. In his testimony, Appellant sought to refute the charges by categorically denying that he had committed any of the offenses. By its nature, attempt occupies the conceptual area between the non-commission of the greater offense and the completion of the greater offense itself. None of the evidence adduced at trial occupies this "middle ground," as Appellant testified he did nothing criminal and all four victims testified he completed the offenses charged. "An instruction on a permissive lesser included offense should be precluded only when `there is a total lack of evidence of the lesser offense.'" Amado, 585 So.2d at 282-83, citing, In re Use by Trial Courts of Standard Jury Instructions, 431 So.2d 594, 597 (Fla.), modified, 431 So.2d 599 (Fla. 1981).
Here there is absolutely no evidence of the lesser offense of attempt. Accordingly, we find that Pride controls the outcome and compels our holding that the trial court did not err in refusing to instruct on attempt. As in Boston v. State, 411 So.2d 1345, 1346 (Fla. 1st DCA), rev. den., 418 So.2d 1278 (Fla. 1982), "the evidence was not susceptible to an interpretation that an attempt to commit the offense[s] had been committed." In Boston, we found no reversible error in the failure to give a requested attempt instruction. Although we note that the defendant in Pride did not testify, see 511 So.2d at 1070 & n. 3, we believe this is a distinction without a difference. If a defendant pleads not guilty and does not testify, but the other evidence indicates a completed offense, the entitlement to an attempt instruction is lacking, see Pride, just as it is lacking in the case *37 sub judice, where Appellant pled not guilty and testified he committed no offense whatsoever, yet all the testimony given by the victims shows completed offenses only, and nothing less. No evidence of attempt was presented at trial. See Gleason, 591 So.2d at 279 (trial court reversibly erred in charging the jury on attempted sexual battery where no evidence supported such an attempt, and the only evidence proved a completed offense).
We acknowledge that in Jones v. State, 492 So.2d 1124 (Fla. 3d DCA), rev. den., 501 So.2d 1282 (Fla. 1986), the Third District Court addressed the question of whether Fla.R.Crim.P. 3.510(a) abrogated the pardoning power of the jury, and it said: "No authority is cited or is to be found in the case law, or in notes to the rule, that the rule was intended to overturn the substantive law of jury pardon." Id. at 1126. However, we are persuaded that our decision in Gillespie v. State, 440 So.2d 8 (Fla. 1st DCA 1983), rev. den., 475 So.2d 222 (Fla. 1985), fully addresses the instant circumstances and supports affirmance. We stated in Gillespie:
Juries are finders of fact. They should and do have a wide latitude in finding the facts. Even if the evidence is overwhelming that the defend[a]nt is guilty of the crime with which he is charged, the court must give a charge on a lesser included offense as to which there is any evidence. However, the jury has no right to exercise its "pardon" power if there is no evidence of attempt or of a lesser included offense and no instruction on attempt or lesser included offense should be given in such a situation because it would merely confuse the jury.
440 So.2d at 10.
We certify the following as a question of great public importance:
WHERE THE VICTIMS TESTIFY THAT THE DEFENDANT COMPLETED THE CHARGED OFFENSES OF CAPITAL SEXUAL BATTERY OF A VICTIM UNDER 12 AND LEWD AND LASCIVIOUS ASSAULT, AND THE DEFENDANT TOTALLY DENIES COMMISSION OF ANY OFFENSE, IS A TRIAL COURT REQUIRED TO INSTRUCT A JURY ON ATTEMPT IF REQUESTED TO DO SO BY THE DEFENDANT?
AFFIRMED.
WOLF and KAHN, JJ., concur.