954 So.2d 87 (2007)
Wykiza L. BROCK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2058.
District Court of Appeal of Florida, First District.
April 19, 2007.
*88 Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of his conviction, following a jury trial, for attempted sexual battery upon a person 12 years of age or older, in violation of sections 777.04 and 794.011(5), Florida Statutes (2003). He contends that the trial court committed reversible error when it gave an instruction on the permissive lesser-included offense of attempted sexual battery over his objection because the evidence proved either a completed offense or none at all. Having carefully reviewed the evidence, we agree that the evidence proved either a completed sexual battery or no offense at all. Accordingly, the trial court did commit reversible error when it gave an instruction on attempted sexual battery to the jury over appellant's objection, and we are constrained to reverse the conviction.
During the charge conference, the state requested that the trial court instruct the jury on the permissive lesser-included offense of attempted sexual battery. Appellant objected, arguing that there was no evidence to support an attempt instruction  either the jury would believe the state's evidence, in which case a completed sexual battery occurred; or it would believe appellant's evidence, in which case no offense occurred. The trial court overruled appellant's objection, stating that it intended to give an attempt instruction. Immediately before the trial court instructed the jury, appellant renewed his objection to the attempt instruction, and the trial court again overruled the objection. The trial court then instructed the jury, including a charge on attempted sexual battery. This was error.
Florida Rule of Criminal Procedure 3.510(b) states in pertinent part that "[t]he judge shall not instruct on any lesser included offense as to which there is no evidence." When a judge gives an instruction on a lesser-included offense over a defendant's objection and no evidence has been presented to support that instruction, the judge abuses his or her discretion, and error occurs. See State v. Espinosa, 686 So.2d 1345, 1347 (Fla.1996); State v. Robinson, 771 So.2d 1256, 1258 (Fla. 3d DCA 2000). Here, because the evidence established either a completed sexual battery or no crime at all, the trial court should not have given the attempt instruction and, by doing so, committed reversible error. Robinson, 771 So.2d at 1258. Accord Gleason v. State, 591 So.2d 278, 279 (Fla. 5th DCA 1991).
By finding appellant guilty of the lesser-included offense of attempted sexual battery, the jury necessarily found appellant not guilty of the charged sexual battery. Accordingly, the prohibition against double jeopardy prohibits the state from *89 again trying appellant on that charge. See State ex rel. Landis v. Lewis, 118 Fla. 910, 160 So. 485, 486-87 (1935). On remand, appellant may be tried only for battery in violation of section 784.03, Florida Statutes (2003), because that is the only other lesser-included offense as to which the jury was instructed. See Lee v. State, 685 So.2d 1275, 1276-77 (Fla.1996); Gleason, 591 So.2d at 279.
We reverse appellant's conviction for attempted sexual battery, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
ALLEN, WEBSTER, and ROBERTS, JJ., concur.