ROBERTS, J.
 

 In this criminal appeal, the appellant challenges his conviction for attempted lewd and lascivious molestation on a person under 12 years of age by an offender over 18 years of age, in violation of section 800.04(5)(b), Florida Statutes (2007). The appellant argues that the trial court erred in giving the jury an attempt instruction because the evidence proved either a completed crime or no crime at all. After carefully reviewing the evidence, we agree and reverse and remand.
 

 Florida Rule of Criminal Procedure 3.510(a) provides in pertinent part that a trial court shall not instruct a jury on an attempt charge if there is no evidence to support the attempt and the only evidence proves a completed crime. If a trial court does so over a defendant’s objection, the trial court abuses its discretion.
 
 Cf. Brock v. State,
 
 954 So.2d 87, 88 (Fla. 1st DCA 2007) (“When a judge gives an instruction on a lesser-included offense over a defendant’s objection and no evidence has been presented to support that instruction, the judge abuses his or his discretion, and error occurs.”).
 

 In the instant case, the appellant was charged with lewd or lascivious molesta
 
 *917
 
 tion. At trial, the only evidence presented proved either completed lewd or lascivious molestation or no crime at all. Nevertheless, over the appellant’s objection, the trial court gave an instruction on attempted lewd or lascivious molestation. This was error.
 

 By finding the appellant guilty of attempted lewd and lascivious molestation, the jury necessarily found the appellant not guilty of the charged lewd and lascivious molestation. Accordingly, the prohibition against double jeopardy prohibits the State from retl’ying the appellant on that charge.
 
 See id.
 
 at 88-89. On remand, the State may only retry the appellant for battery in violation of section 784.03, Florida Statutes (2007), the only other lesser-included offense on which the jury was instructed.
 
 See id.
 

 We REVERSE the appellant’s conviction for attempted lewd and lascivious molestation and REMAND for further proceedings consistent with this opinion.
 

 HAWKES, C.J., and PADOVANO, J., concur.