PER CURIAM.
Appellant, Angel Ramirez-Canales, was charged by amended information with two counts of sexual battery by a person in familial authority (Counts I and II) and one count of lewd molestation by a person in familial authority (Count III). He was convicted and sentenced to thirty years in prison on Counts I and III and fifteen years in prison on the lesser included offense of attempted sexual battery on Count II. This appeal concerns only his conviction and sentence on attempted sexual battery (Count II). We reverse on that count alone, because the trial court erred in instructing the jury on attempted sexual battery where the evidence established and supported a verdict of guilt for the completed offense of sexual battery. See Fla. R.Crim. P. 3.510(a) (providing, in pertinent part, that “[t]he judge shall not instruct the jury if there is no evidence to support the attempt and the only evidence proves a completed offense”). See also Gleason v. State, 591 So.2d 278, 279 (Fla. 5th DCA 1991) (holding that it “was error to charge the jury on attempted sexual battery when ‘... there was no evidence to support such attempt and the only evidence prove[d] a completed offense.’ ” (citations omitted)); Wilson v. State, 622 So.2d 31, 36 (Fla. 1st DCA 1993) (affirming the trial court’s refusal to instruct the jury on the permissive lesser included offenses of attempted sexual battery and attempted lewd assault where the evidence called for a jury finding that the defendant either committed the completed offenses or none at all).
Because the trial judge granted a judgment of acquittal on the sexual battery charge in Count II when he reduced it to attempted sexual battery, double jeopardy protections preclude retrial for Count II’s original sexual battery charge. See Brock v. State, 954 So.2d 87, 88-89 (Fla. 1st DCA 2007).

Reversed and Remanded.

TAYLOR, HAZOURI and CIKLIN, JJ., concur.