LEVINE, J.
We grant appellant’s motion for clarification, withdraw our previously issued opinion, and substitute the following opinion.
The issue presented in this case is whether the trial court erred in giving a jury instruction for attempted sexual bat *1046 tery, over appellant’s objection, where appellant was charged with sexual battery, the state presented evidence only of a completed act, and appellant claimed the alleged act did not take place. We find the trial court erred in giving the instruction because the evidence did not support the instruction, and we reverse appellant’s conviction for attempted sexual battery. We also find the various other issues raised by appellant to be without merit and we affirm the convictions for bribery and official misconduct.
On October 21, 2008, appellant, a then-Riviera Beach police officer, conducted a traffic stop on the victim, D.C. D.C.’s driver’s license was determined to be suspended at that time. Appellant, utilizing a fellow officer’s citation book, issued two citations to D.C. After receiving the traffic citations, D.C. drove home.
D.C. testified at trial that, following the traffic stop, appellant showed up at her home. Appellant came into her apartment, locked his police dog in her bathroom, and proceeded to tell D.C. that he was going to have sex with her. D.C. testified that appellant “forcefully” had sex with her, while in the living room, by placing his penis inside her vagina. D.C. told the prosecutor, when asked whether she wanted to have sex with appellant, “No, I don’t think so.” D.C. then stated she did not give appellant permission and that she complied with the acts since appellant was “an officer of the law ... and you got to listen to them.” D.C. also stated, when asked if she was attracted to appellant, “No, I don’t think so.”
After appellant left, D.C. went to the rental office of the apartment complex. The property manager observed that D.C. was “crying hysterically,” incoherent, and “almost hyperventilating.” The property manager testified to seeing a Riviera Beach police car in the area near D.C.’s apartment. Detective Thomas, a Riviera Beach K-9 officer, testified to finding dog hairs in D.C.’s bathroom consistent with a German Shepherd police dog. A Riviera Beach police commander testified that a GPS system confirmed the presence of appellant’s vehicle at D.C.’s apartment complex for over an hour.
A laboratory analyst for the Palm Beach County Sheriffs Office confirmed the presence of sperm on D.C.’s underwear. A senior forensic scientist, also from the Palm Beach County Sheriffs Office, could not determine the age of the sperm. Further, the forensic scientist could not exclude appellant from contributing to the profile obtained from the sample. The forensic scientist stated that the chance of an unrelated person having the same DNA profile as appellant was one in 1.4 million, assuming the unrelated person was the same race as appellant. The probability went up to one in 64 million if the unrelated person was a different race.
Appellant testified at trial that he stopped D.C. for running a red light. Appellant told D.C. that her driver’s license was suspended and gave her two citations from a fellow officer’s citation book. After the traffic stop, appellant claimed he saw D.C. driving and she was attempting to flag him down. Appellant followed D.C. to her apartment to check on what he thought was an emergency situation. Appellant brought his dog with him into D.C.’s apartment. Appellant stated that D.C. apparently wanted to show him a letter from the state which she claimed proved that her driver’s license was not suspended. Appellant denied having sex with the victim.
At the jury charge conference, the state requested an instruction for the lesser included offense of attempted sexual battery. Appellant objected to such an instruction. The trial court decided to give the instruc *1047 tion over appellant’s objection. The trial court found that the DNA evidence in D.C.’s underwear could be evidence of an attempted sexual battery, where there was not penetration or union as required for a sexual battery.
Appellant was found guilty of attempted sexual battery, bribery, and official misconduct. This appeal ensues.
A trial court has discretion in instructing a jury, and as such, an appellate court will not reverse a decision regarding a jury instruction unless there is prejudicial error that would result in a miscarriage of justice. Lewis v. State, 693 So.2d 1055, 1058 (Fla. 4th DCA 1997). In this particular case, we are initially guided by Florida Rule of Criminal Procedure 3.510(a), which provides that a defendant may be convicted of attempt “if such attempt is an offense and is supported by the evidence.” Further, “[t]he judge shall not instruct the jury if there is no evidence to support the attempt and the only evidence proves a completed offense.” Id.
“When a judge gives an instruction on a lesser-included offense over a defendant’s objection and no evidence has been presented to support that instruction, the judge abuses his or her discretion, and error occurs.” Brock v. State, 954 So.2d 87, 88 (Fla. 1st DCA 2007). In Brock, the state requested the lesser included jury instruction of attempted sexual battery in a case charging the defendant with sexual battery. The defendant objected because “the evidence proved either a completed offense or none at all.” Id. In Brock, like the present case, “the evidence established either a completed sexual battery or no crime at all” and thus “the trial court should not have given the attempt instruction and, by doing so, committed reversible error.” Id. See also Ramirez-Canales v. State, 46 So.3d 1234 (Fla. 4th DCA 2010) (finding error in instructing the jury on attempted sexual battery where the evidence established and supported a verdict of guilt for the completed offense of sexual battery); Gleason v. State, 591 So.2d 278 (Fla. 5th DCA 1991) (reversing conviction for attempted sexual battery where no evidence supported the attempt and the evidence proved only the completed offense).
Appellant denied any sexual contact with D.C. D.C. testified to being forcibly raped by appellant. Based on the testimony at trial, there was either a completed act or no crime at all. Thus, we conclude the trial court reversibly erred in giving the jury instruction for attempt.
In this case, “[b]y finding appellant guilty of the lesser-included offense of attempted sexual battery, the jury necessarily found appellant not guilty of the charged sexual battery.” Brock, 954 So.2d at 88. Thus, “double jeopardy protections preclude” appellant’s retrial for the “original sexual battery charge.” Ramirez-Canales, 46 So.3d at 1234. Further, because the jury was not instructed on any other lesser-included offenses, no offenses remain for which appellant may be tried on remand. See Brock, 954 So.2d at 89.
In summary, we reverse appellant’s conviction for attempted sexual battery and direct that a judgment of acquittal be entered instead; we affirm the convictions for bribery and official misconduct. Because attempted sexual battery was the primary offense on appellant’s sentencing scoresheet, he is entitled to be resentenced on the remaining convictions using a corrected scoresheet. Vroom v. State, 48 So.3d 82, 84 (Fla. 2d DCA 2010).

Affirmed in part; Reversed in part.

GROSS and CIKLIN, JJ., concur.