WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for possession of contraband within a state correctional institution. We find that appellant was unduly limited in the presentation of his defense and is therefore entitled to a new trial.
Appellant was an inmate barber in the state prison and contraband was discovered within his barber locker. Appellant had the only key to the locker other than a duplicate which was kept by correctional personnel for emergency use. The state presented evidence suggesting that only appellant had access to the locker prior to discovery of the contraband. Appellant attempted to present evidence as to unauthorized access and use of the barbershop area by both correctional officers and other inmates. The court declined to allow such evidence since it did not show a specific entry into appellant’s locker. The court also declined to allow the testimony of two inmates who had refused to be deposed by the state prior to trial.
Appellant’s defense was that although he was the only inmate with authorized access, the contraband may have been placed in his locker by someone else. While the evidence which appellant desired to present did not directly show other access to his locker, it was relevant insofar as it may have established unauthorized access and a general lack of security within the barbershop area, suggesting the further possibility of an unauthorized intrusion into appellant's locker. The jury was entitled to consider the evidence as to this theory of defense and appellant should have been allowed to present testimony in this regard. See Mungin v. State, 458 So.2d 293 (Fla. 1st DCA 1984); Quintana v. State, 452 So.2d 98 (Fla. 1st DCA 1984). And in refusing to permit testimony from the two witnesses who would not be deposed prior to trial the trial judge did not consider whether an alternative less severe than witness exclusion might suffice to remedy any prejudice to the state. Such a severe sanction should be imposed only in *414 the most compelling circumstances and upon a consideration of other alternatives. See Wilkerson v. State, 461 So.2d 1376 (Fla. 1st DCA 1985).
Appellant was unduly limited in the presentation of his defense and is entitled to a new trial. The judgment of conviction is reversed and the sentence vacated, and the cause remanded.
SMITH, C.J., and JOANOS, JJ., concur.