656 So.2d 580 (1995)
Donnie Lee DONALDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3293.
District Court of Appeal of Florida, First District.
June 19, 1995.
Nancy A. Daniels, Public Defender, Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Daniel A. David, Asst. Atty. Gen., Tallahassee, for appellee.
MICKLE, Judge.
Donnie Lee Donaldson appeals his conviction for the sale of cocaine within 1000 feet of a school, urging that the trial court abused its discretion in excluding the testimony of a defense witness. We agree and reverse.
At trial, defense attempted to place on the stand a witness who would testify that, some three weeks prior to trial, he overheard the confidential informant state to two individuals that his attempt to carry out a controlled buy of cocaine from Donaldson failed and that Donaldson was in fact innocent of the charged offense. At a hearing outside the presence of the jury, defense counsel explained that he had only recently been informed of this witness. The prosecutor, protesting that the state was notified of this witness only one day prior to trial, requested that the witness' testimony be excluded on the basis that it would take undue time to investigate this witness' account and to locate the two individuals to whom the informant was supposedly speaking. The trial judge, expressing the view that the state would suffer undue prejudice as a result of the late notice of this witness and the resulting lack of opportunity to investigate the veracity of his testimony, ordered the trial to proceed without the defense witness being permitted to testify.
The severe sanction of witness exclusion should be a last resort reserved only *581 for the most extreme or compelling circumstances, particularly when the excluded testimony relates to critical issues or facts and the testimony is not cumulative. Floyd v. State, 514 So.2d 413 (Fla. 1st DCA 1987). Although it is within a trial court's discretion to order exclusion of a witness, this extreme remedy should be invoked only after the trial court has conducted an adequate inquiry to determine whether any other reasonable alternatives might be used to overcome or mitigate possible prejudice. Miller v. State, 636 So.2d 144 (Fla. 1st DCA 1994); Lee v. State, 534 So.2d 1226 (Fla. 1st DCA 1988); Wilkerson v. State, 461 So.2d 1376 (Fla. 1st DCA 1985) (relevant evidence should not be excluded from the jury unless no other remedy suffices, and it is incumbent upon the trial court to explore other reasonable alternatives employable to overcome or mitigate any possible prejudice). With all due deference to the trial court's broad discretion in this matter, we are unable to affirm the exclusion of the witness in this case. Even assuming prejudice to the state, no effort was made to determine whether reasonable means could have been employed to overcome the prejudice, such as a recess or continuance to afford the state the opportunity to investigate the witness' account, without resorting to the drastic exclusion of the witness. See Baker v. State, 522 So.2d 491 (Fla. 1st DCA 1988); Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984).
Donaldson, who testified at trial, denied selling cocaine to the confidential informant. As a result of the exclusion of his sole defense witness, Donaldson was unduly limited in the presentation of his defense. Floyd. We find that the error was not harmless since it is possible that the testimony of the witness could have produced a reasonable doubt in the minds of the jurors sufficient to tip the scales in favor of acquittal. Baker.
REVERSED and REMANDED for a new trial.
WEBSTER and VAN NORTWICK, JJ., concur.