MAY, J.
The defendant appeals from an adjudication of delinquency based on a charge of trespass after warning. He argues that the trial court erred in excluding a defense witness and denying a motion for continu- *502 anee. We agree that the trial court abused its discretion in excluding the defense witness and reverse and remand for a new trial.
On September 20, 2002, the State filed a petition for delinquency that charged the defendant with trespass of an occupied structure after warning, giving a false name, and resisting an officer without violence. The case stemmed from a warning given to the defendant not to return to a store in the mall. On September 25, 2002, the State filed its discovery and a demand for reciprocal discovery. On October 21, 2002, two days before trial, the defense filed a witness list.
When the day of trial arrived, the State claimed that it had not received the witness list and that it had been untimely filed. The State asked the court to exclude the witness claiming prejudice due to the State’s inability to depose the witness prior to trial. The trial court properly held a Richardson[1] hearing.
The defense responded that it had only become aware of the witness on October 11, 2002, and did not disclose the witness until it had an opportunity to interview the witness on October 20, 2002. The defense filed the witness list the next day, two days prior to the trial. The defense argued that the witness was crucial to its case and offered the State an opportunity to speak to the witness before starting trial.
The court granted the State’s motion to exclude the witness and started the trial. After the State called its first witness, defense counsel moved for a continuance to allow the State an opportunity to depose the defense witness. The court denied the motion.
The court granted the defense motion for judgment of acquittal on counts two and three and found the defendant guilty of the trespass charge. It is from this decision and the disposition that the defendant appeals.
The parties do not dispute that the defense witness was untimely disclosed. The central issue is whether the trial court abused its discretion when it excluded the defense witness as a sanction for the untimely disclosure. State v. Tascarella, 580 So.2d 154 (Fla.1991). In Tas-carella, the Florida Supreme Court held that a trial court should not exclude relevant evidence unless no other remedy suffices. The appropriateness of the remedy depends on the totality of the circumstances.
A similar set of fácts was reviewed in Donaldson v. State, 656 So.2d 580 (Fla. 1st DCA 1995). In Donaldson, the State had charged the defendant with sale of cocaine within 1,000 feet of a school. On the first day of trial, the defense revealed a witness, who would testify that a few weeks before trial, he overheard a confidential informant tell two individuals that his attempt to make a controlled buy of cocaine from the defendant failed. The trial court found that the late notice of the witness would unduly prejudice the State and excluded the witness. The First District reversed.
With all due deference to the trial court’s broad discretion in this matter, we are unable to affirm the exclusion of the witness in this case. Even assuming prejudice to the [Sjtate, no effort was made to determine whether reasonable means could have been employed to overcome the prejudice, such as a recess or continuance to afford the [SJtate the opportunity to investigate the witness’ account, with *503 out resorting to the drastic exclusion of the witness.
Id. at 581. Similarly, in this case the trial court failed to consider other reasonable means to overcome any prejudice to the State.
Juvenile proceedings operate under an expedited time frame. While the defense was admittedly late in disclosing the witness, the time frame from the date of the incident to the trial was only 89 days. The defense explained the reason for the late disclosure and offered an opportunity for the State to question and/or depose the witness. The defense witness would testify that the defendant never entered the store after having been warned to stay out of the store. This testimony contradicted that of the State’s witness who testified that the defendant re-entered the store after having been warned not to come back. Thus, the witness’s testimony was critical to the defense.
“The severe sanction of witness exclusion should be a last resort reserved only for the most extreme or compelling circumstances, particularly when the excluded testimony relates to critical issues or facts and the testimony is not cumulative.” Donaldson, 656 So.2d at 580-81. Given the uncomplicated nature of the case, the nature of the testimony and proceedings, the reasonable explanation of the defense, and the other reasonable means available to overcome any prejudice, we find that the trial court abused its discretion by excluding the defense witness. The adjudication of delinquency is reversed and the case is remanded for a new trial on the trespass charge.
FARMER, C.J., and GUNTHER, J., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971) (setting forth the procedure to be used in determining the appropriate sanction for a discovery violation).