920 So.2d 754 (2006)
STATE of Florida, Petitioner,
v.
Lawrence Emery STORER, Respondent.
No. 2D05-1044.
District Court of Appeal of Florida, Second District.
February 10, 2006.
*755 Charles J. Crist, Jr., Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Petitioner.
John M. Fitzgibbons and B. Kay Klein of The Law Offices of John M. Fitzgibbons, Tampa, for Respondent.
ALTENBERND, Judge.
The State petitions this court for a writ of certiorari quashing a pretrial order of the trial court in this criminal proceeding. The order is entitled, "Order on Defense's Notice of Intention to Introduce Similar Fact Evidence Including Prior Convictions of Shantavious Wilson [Pursuant to FSA 90.404(2)(a) or Reverse Williams Rule Evidence]." Although we are not entirely convinced that we would have entered this order at this stage of the proceedings, we conclude that our limited certiorari powers do not give us authority to quash this order. See State v. Pettis, 520 So.2d 250 (Fla.1988). We therefore deny the petition.

I. THE PROCEEDINGS IN THE TRIAL COURT[1]
Lawrence Emery Storer operates a restaurant in downtown Tampa. On October 29, 2003, at approximately 11:30 p.m., he had closed the restaurant for the day and was sitting in his car in front of the restaurant when he was approached by Shantavious Augustus Wilson. Mr. Wilson pointed a gun at Mr. Storer through the open window of the car and ordered Mr. Storer to give him all of his money. When Mr. Storer said he had no money, Mr. Wilson ordered Mr. Storer to go into the restaurant and get some money. The two men went into the restaurant, and Mr. Storer gave Mr. Wilson a bag containing approximately twenty dollars. Mr. Wilson then left the restaurant and began to look for more money in Mr. Storer's car.
As soon as Mr. Wilson left the restaurant, Mr. Storer locked the front door and went to the telephone to call the police. As he was dialing the telephone, he saw Mr. Wilson run away. Mr. Storer decided to follow Mr. Wilson in his car. A few blocks from the restaurant, Mr. Storer's car struck and killed Mr. Wilson.
Following a police investigation, the State charged Mr. Storer with manslaughter by unlawful act without lawful justification pursuant to section 782.07, Florida Statutes (2003). Although neither party to this proceeding has been required to explain its theory of the case, the State apparently intends to argue that Mr. Storer took the law into his own hands and ran over Mr. Wilson rather than allowing the police to do their job. It is less clear what Mr. Storer intends to argue, but under the law he is entitled to argue that the death was an excusable homicide, i.e., that the death occurred by accident and misfortune in the heat of passion, upon sudden and sufficient provocation. See § 782.03, Fla. Stat. (2003).
Because this incident occurred late at night, there were no eyewitnesses who could confirm that Mr. Wilson committed the robbery. The State is willing to stipulate *756 that Mr. Wilson was the robber. Mr. Storer, however, does not wish to stipulate to this fact. He wants to present evidence at trial that Mr. Wilson was convicted of a similar robbery in 1998. Both robberies occurred at approximately the same time of day and involved a handgun. In both cases, Mr. Wilson robbed the operator of a family-owned business who was of Asian descent. Mr. Storer claims that this evidence is relevant to prove that Mr. Wilson was the man who robbed him. It is undisputed that Mr. Storer knew nothing about the prior robbery when he allegedly ran over Mr. Wilson with his car.
Mr. Storer characterizes this evidence as "reverse Williams rule" evidence. Accordingly, he filed a notice of intent to introduce similar fact evidence at trial that is comparable to the notice the State is required to file under section 90.404(2)(c)(1), Florida Statutes (2003). The State did not move to strike the notice and did not file a motion in limine. The trial court has conducted a hearing on the "notice" and has entered an order on the subject, which is the subject of this proceeding. In the order, the trial court has ruled that evidence of the prior conviction "in summary fashion, may be presented to the jury to prove the identity of the victim of the manslaughter to be the same person as the one who committed the armed robbery upon the Defendant moments before the victim's death." It appears that the trial court intends to allow the victim of the earlier robbery to testify about the event and that the trial court intends to give an instruction limiting the relevance of the testimony to the issue of whether Mr. Wilson was the person who robbed Mr. Storer just before Mr. Wilson died.

II. THE NATURE OF THIS PROPOSED EVIDENCE
We are not convinced that this evidence is actually "reverse Williams rule" evidence. Williams rule evidence is evidence of prior crimes or bad acts of the defendant presented by the State under section 90.404(2)(a), as character evidence of the accused, when relevant to prove a material fact in issue. The name of the rule is derived from the lead case on the subject. Williams v. State, 110 So.2d 654 (Fla. 1959). There is extensive case law governing Williams rule evidence. See Charles W. Ehrhardt, Florida Evidence § 404.9 (2004 ed.). Before the State can introduce Williams rule evidence, it must file a pretrial motion under section 90.404(2)(c)(1), giving notice of its intent to use the evidence at trial.[2]
"Reverse Williams rule" is a newer concept with a smaller body of case support. In Rivera v. State, 561 So.2d 536, 539 (Fla.1990), the supreme court explained:
Although the question of the admissibility of "reverse Williams Rule" evidence by a defendant appears to be one of first impression for this Court, the Third District in Moreno v. State, 418 So.2d 1223, 1225 (Fla. 3d DCA 1982), has permitted it on the basis that an accused may show his or her innocence by proof of the guilt *757 of another. That view has been adopted by the First District in Brown v. State, 513 So.2d 213, 215 (Fla. 1st DCA 1987), dismissed, 520 So.2d 583 (Fla.1988):
While most cases generally involve the offer of similar fact evidence by the prosecution against a defendant in a criminal case, there is nothing in the language of [section 90.404(2)(a), Florida Statutes (1985)] which precludes the use of evidence offered by a defendant in a criminal case, or by a party in a civil action. See C. Ehrhardt, Florida Evidence § 404.9 (2d ed.1984).
(Footnote omitted.)
Other jurisdictions also have held that defendants may introduce similar fact evidence. See, e.g., Commonwealth v. Keizer, 377 Mass. 264, 385 N.E.2d 1001 (1979) (reaffirming Commonwealth v. Murphy, 282 Mass. 593, 185 N.E. 486 (1933)); State v. Bock, 229 Minn. 449, 39 N.W.2d 887 (1949); State v. Garfole, 76 N.J. 445, 388 A.2d 587 (1978).
This concept is generally used by a defendant to convince the jury that some other person committed the crime. See State v. Savino, 567 So.2d 892 (Fla.1990); Palazzolo v. State, 754 So.2d 731 (Fla. 2d DCA 2000). As the supreme court stated in McLin v. State, 827 So.2d 948, 957 n. 7 (Fla.2002) (citing Rivera, 561 So.2d at 539): "Reverse Williams rule evidence permits the defendant to introduce evidence of prior similar crimes involving another person, if a proper predicate is laid, to show the defendant's innocence by proof of the guilt of another." If reverse Williams rule evidence is character evidence, it is usually evidence of the character of some third party who is not involved in the lawsuit.
Because Mr. Storer is not intending to introduce this evidence to suggest that someone else ran over Mr. Wilson, we doubt that it falls within the case law on reverse Williams rule. Instead, this is an issue involving the character of the victim under section 90.404(1)(b)(1).[3] Such evidence is generally inadmissible by a defendant except when introduced to prove a relevant "trait." See § 90.404(1)(b)(1), Fla. Stat. (2003). For example, evidence that a victim is violent may be admitted in a case where self-defense is an issue. See Pino v. Koelber, 389 So.2d 1191, 1194 (Fla. 2d DCA 1980); see also Charles W. Ehrhardt, Florida Evidence § 404.6 (2004 ed.).
Mr. Storer apparently wants to prove that Mr. Wilson was a habitual robber who targeted Asian businessmen. We doubt that this is a "trait" contemplated by the applicable rule of evidence. On the other hand, if Mr. Storer is attempting to establish an excusable homicide, it probably is important to prove that the "heat of passion" or "sufficient provocation" was in fact created by Mr. Wilson. Just as the State does not need to stipulate to facts in a criminal case when it would prefer to prove the matter to the jury, Mr. Storer may likewise wish to present evidence relevant to his theory.
Two procedural matters affect our analysis in this case. First, although Mr. Storer filed a notice of intent to rely upon this evidence, it is noteworthy that the statutes and rules of procedure do not require him to file this notice. Section 90.404(2)(c)(1) only applies to the State. Moreover, since it appears that this evidence is not reverse Williams rule under section 90.404(2), but evidence of the character of the victim under section 90.404(1), this pretrial ruling *758 is a matter that did not need to be resolved prior to trial under the standard rules of procedure.
Second, on direct appeal both Williams rule and reverse Williams rule decisions are normally reviewed under the abuse of discretion standard. See White v. State, 817 So.2d 799 (Fla.2002); Chandler v. State, 702 So.2d 186, 195 (Fla.1997); see also Henrion v. State, 895 So.2d 1213, 1216 (Fla. 2d DCA 2005) ("A trial court's decision to admit collateral crime or Williams rule evidence is reviewed for an abuse of discretion."); Kulling v. State, 827 So.2d 311 (Fla. 2d DCA 2002) (holding that the trial court's decision to admit Williams rule evidence is reviewed for an abuse of discretion); Traina v. State, 657 So.2d 1227 (Fla. 4th DCA 1995) (exclusion of reverse Williams rule evidence was not abuse of discretion). The same is true for decisions under section 90.404(1)(b). See Grace v. State, 832 So.2d 224 (Fla. 2d DCA 2002). Decisions that are reviewed on direct appeal under an abuse of discretion standard may be challenged pretrial by certiorari, but as discussed in the next section, the State would seem to have a very heavy burden of persuasion in establishing that the trial court's discretionary decision departed from the essential requirements of the law.

III. A DISTRICT COURT'S AUTHORITY IN A PETTIS CERTIORARI PROCEEDING
In Pettis, 520 So.2d 250, the supreme court recognized the limited right of the State in a criminal proceeding to file a petition for writ of common law certiorari challenging a pretrial ruling. This is a right possessed primarily, if not exclusively, by the State because double jeopardy limits the right of the State to obtain adequate posttrial relief. In recognizing this remedy, the supreme court emphasized that such relief is limited: "While some pretrial evidentiary rulings may qualify for certiorari, it must be remembered that the extraordinary writ is reserved for those situations where `there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Id. at 254. Thus, even while recognizing this authority in Pettis, the supreme court did not exercise this authority, but upheld the denial of the State's petition for writ of certiorari. It ruled that where the trial court intended to allow the defendant to introduce certain evidence to impeach the character of a testifying police officer, the trial court's ruling to allow such evidence did not depart from the essential requirements of law. Id.
Since the Pettis decision, most opinions granting relief to the State have come in the context of challenges to orders that prevented the State from presenting evidence that was critical to its case. See, e.g., State v. Richman, 861 So.2d 1195 (Fla. 2d DCA 2003); State v. Davis, 857 So.2d 349 (Fla. 2d DCA 2003); State v. Smith, 586 So.2d 1237 (Fla. 2d DCA 1991); State v. Barber, 783 So.2d 293 (Fla. 5th DCA 2001).
On at least two occasions, the State has successfully petitioned to prevent the defense from introducing evidence. In each of these cases, however, the trial court seems to have violated clearly established rules of evidence or substantive criminal law. In State v. Sorakrai, 543 So.2d 294 (Fla. 2d DCA 1989), this court quashed an order allowing a defendant to testify that he believed in good faith that the victim of his lewd and lascivious conduct was older than her actual age. In State v. Thompkins, 891 So.2d 1151 (Fla. 4th DCA 2005), the Fourth District quashed an order that would have allowed the defendant to introduce the results of the victim's polygraph test. In both of these cases, it appears *759 that the district court concluded that the trial court had made an error of law on a matter over which the trial court had no discretion.
On at least three other occasions, the State has failed to obtain success on a petition for writ of certiorari when attempting to prevent the defense from introducing evidence. In State v. Sealy-Doe, 861 So.2d 530 (Fla. 4th DCA 2003), the court refused to quash an order allowing the defendant to introduce sworn statements at trial from a critical, unavailable witness, reasoning that the order did not substantially impair the State's ability to bring its case.[4] In State v. Mizell, 773 So.2d 618 (Fla. 1st DCA 2000), the State sought to prevent the defendant from presenting evidence of post-traumatic stress disorder in a case in which the defendant was charged with attempted second-degree murder. Noting that the trial court had "laid down five very specific conditions" on the admissibility of this evidence, the First District declined to quash the order despite the risk that the evidence might confuse the jury about the significance of diminished capacity. Id. at 621. Finally, in State v. Snyder, 807 So.2d 117 (Fla. 3d DCA 2002), the State challenged a trial court order denying its motion in limine to prevent testimony about the victims' misconduct, including their prior sexual encounters and experiences. The defendant in that case was charged with lewd and lascivious conduct and sexual performance of a child. The court denied the writ concluding that the trial court could manage the issue with a limiting instruction.
The order that the State challenges in this case does not prevent the State from presenting all of the evidence necessary to prove its case. The trial court has indicated that it will not allow this evidence to become a feature of the case and that it will provide an appropriate limiting instruction. Given that the defendant did not need to file its notice and could have waited until trial to spring this issue on the State, we are very hesitant to exclude evidence that the defense has allowed the State to challenge in a full pretrial hearing before the trial court. The State is obviously concerned that Mr. Storer will use this evidence to seek a jury pardon, but nothing in this record suggests that the trial court intends to allow Mr. Storer to use this evidence in this fashion.
We conclude that the trial court's pretrial ruling does not depart from any clearly established rule of evidence or substantive law. Although we may not have exercised discretion about this evidentiary ruling in the same manner as did the trial court, certiorari does not give us the power to second-guess the trial court on such an issue.
Petition for writ of certiorari denied.
STRINGER and KELLY, JJ., Concur.
NOTES
[1] Because this case has not yet gone to trial, the record in this case contains no testimony, affidavits, or exhibits that have been introduced into evidence. It contains portions of the investigation performed by the police immediately after the events. This description is based on the police investigation, which obviously has not been subjected to the scrutiny of a trial or the rigors of cross-examination.
[2] The relationship between and among sections 90.403, .404, and .405, Florida Statutes (2003), is worthy of consideration. It would appear that a trial court makes a decision to admit evidence on an issue of character under section 90.404 but that the method of proving the issue of character is resolved under section 90.405. Typically, Williams rule evidence is admitted as "specific instance" evidence under section 90.405(2). The case law usually assumes that the trial court will conduct a "probative versus prejudicial" analysis under section 90.403 in connection with a decision under the Williams rule analysis. See Insko v. State, 884 So.2d 312 (Fla. 2d DCA 2004); McLean v. State, 854 So.2d 796 (Fla. 2d DCA 2003). At least in this case, the trial court has not yet ruled on the exclusion of any specific item of evidence under section 90.403.
[3] Mr. Storer's counsel did not rely exclusively on the theory of reverse Williams rule evidence at the hearing but also argued the admissibility of this evidence under section 90.404(1)(b)(1).
[4] The test of "substantially impairing the ability of the state to prosecute its case" was stated in State v. Steinbrecher, 409 So.2d 510, 511 (Fla. 3d DCA 1982), and quoted with apparent approval in Pettis, 520 So.2d at 253.