931 So.2d 205 (2006)
Anthony HOUSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1397.
District Court of Appeal of Florida, Fifth District.
June 9, 2006.
*206 Anthony Houston, Sanderson, pro se.
No Appearance for Appellee.
LAWSON, J.
Houston appeals the summary denial of his rule 3.853 motion for postconviction DNA testing. We affirm.
Houston was charged by information in case number 2002-CF-1869 with two counts of sexual battery. After the jury returned guilty verdicts as to both charges, the trial judge sentenced Houston to concurrent terms of life imprisonment as an habitual felony offender to run consecutive to any active sentence.[1] The judgment and sentences were affirmed on appeal. See Houston v. State, 849 So.2d 319 (Fla. 5th DCA 2003) (table).
Houston then filed a rule 3.850 motion for postconviction relief, which was denied. We also affirmed the summary denial of Houston's 3.850 motion. See Houston v. State, 928 So.2d 1237 (Fla. 5th DCA 2006).
In the instant rule 3.853 motion, Houston alleges that during trial the State introduced Williams[2] rule evidence to demonstrate that Houston's DNA was linked to several sexual batteries. Houston then notes that no DNA evidence was ever actually presented at his trial. Houston makes a conclusory allegation that there were discrepancies in the Williams rule evidence used by the State to obtain his conviction. He concludes by stating, "if there is any evidence (DNA), if tested, will show that the State has obtained a conviction by illegal means." (Emphasis added).
The trial court summarily denied Houston's motion holding that the allegations presented were facially insufficient as they *207 failed to conform to the requirements of Florida Rule of Criminal Procedure 3.853(b). Furthermore, the trial court attached trial court transcripts demonstrating that DNA testing was actually conducted and that both sides stipulated at trial that semen found in the sexual assault kit of the victim was Houston's. Finally, the trial court attached the transcript testimony of Houston wherein he admitted to having sexual relations with the victim, while noting that the only issue at trial was whether or not the victim consented to the sex. Accordingly, the trial court held that because there was no dispute that Houston had sex with the victim, DNA testing would not exonerate him or mitigate his sentence.
Houston's motion for rehearing[3] offered nothing to the equation and was accordingly denied by the trial court. We conclude that the trial court's rationale for denying Houston's motion was correct in both regards.
Rule 3.853(b) states:
(b) Contents of Motion. The motion for postconviction DNA testing must be under oath and must include the following:
(1) a statement of the facts relied on in support of the motion, including a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it originally was obtained;
(2) a statement that the evidence was not tested previously for DNA, or a statement that the results of previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques likely would produce a definitive result;
(3) a statement that the movant is innocent and how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced, or a statement how the DNA testing will mitigate the sentence received by the movant for that crime;
(4) a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue or an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence that the movant received;
(5) a statement of any other facts relevant to the motion; and
(6) a certificate that a copy of the motion has been served on the prosecuting authority.
"The clear requirement of these provisions is that a movant, in pleading the requirements of rule 3.853, must lay out with specificity how the DNA testing of each item requested to be tested would give rise to a reasonable probability of acquittal or a lesser sentence." Hitchcock v. State, 866 So.2d 23, 27 (Fla.2004).
In the instant case, Houston's barebones pleading merely states that "if" there is any DNA evidence, such evidence will demonstrate that Houston's conviction is illegal. Houston does not specify what evidence he wishes to be tested, nor where it is presently located. While Houston appears to be referring to DNA evidence obtained from the victim's rape kit, Houston has failed to specifically state as much. Furthermore, to the extent he is referring to the rape kit DNA evidence, Houston has failed to acknowledge that this DNA evidence was already tested, with inconclusive *208 results, or allege that "subsequent scientific developments" might lead to a different result. Finally, Houston has not alleged that identification was a genuinely disputed issue at trial, nor that DNA evidence would either exonerate him or mitigate his sentence. In short, Houston completely failed to abide by the pleading requirements of rule 3.853(b). The trial court correctly denied Houston's motion based on this reason alone.
Additionally, the trial court's order clearly demonstrates that identification was not an issue in the instant case because Houston acknowledged having had sex with the victim. The only issue was consent. As the trial court further noted, DNA testing of the victim's rape kit was conducted resulting in Houston's stipulation at trial that the semen evidence obtained from the victim was his.
Accordingly, the trial court correctly denied Houston's rule 3.853 motion, both procedurally and on the merits.
AFFIRMED.
PLEUS, C.J., and THOMPSON, J., concur.
NOTES
[1] This court's records demonstrate that on July 25, 2002, Houston was also found guilty by a jury of sexual battery in Orange County case no. 2002-CF-1087 and sentenced to life imprisonment.
[2] As stated by the Second District in State v. Storer, 920 So.2d 754, 756 (Fla. 2d DCA 2006):

Williams rule evidence is evidence of prior crimes or bad acts of the defendant presented by the State under section 90.404(2)(a), as character evidence of the accused, when relevant to prove a material fact in issue. The name of the rule is derived from the lead case on the subject. Williams v. State, 110 So.2d 654 (Fla.1959).
[3] In his motion for rehearing, Houston noted that his stipulation at trial to the DNA evidence was done for "strategic reasons." Likewise, Houston's testimony that the sexual relations with the victim were consensual was also done by Houston for "strategic reasons."