951 So.2d 954 (2007)
The STATE of Florida, Petitioner,
v.
Denny SMITH, Respondent.
No. 1D06-4767.
District Court of Appeal of Florida, First District.
March 12, 2007.
*955 Bill McCollum, Attorney General and Terry P. Roberts, Assistant Attorney General, Tallahassee, for Petitioner.
Nancy A. Daniels, Public Defender and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Respondent.
*956 PADOVANO, J.
The State petitions this court for a writ of certiorari to review a trial court order excluding collateral crime evidence in the defendant's upcoming criminal trial. Because the State has failed to show that the trial court departed from the essential requirements of the law in excluding the evidence, we deny the petition.
Denny Smith, the defendant in the trial court, is accused of having sexual intercourse with a female under the age of sixteen, in violation of section 794.05, Florida Statutes (2005). The victim was a neighbor, and the act of unlawful intercourse allegedly took place one evening while she was visiting the defendant in his home. In advance of the trial, the State filed a motion to admit evidence that the defendant had committed a sex offense against another victim. This offense involved an incident fifteen years earlier in which the defendant had sexual intercourse with an eleven-year-old girl.
The trial court held a hearing to consider the admissibility of the evidence relating to the earlier crime. During the hearing, the State presented the testimony of the victim in the present offense, as well as the testimony of the victim in the prior offense. Additionally, the State called several other witnesses in an effort to compare the details of the collateral crime with those of the charged offense.
At the close of the hearing, the State argued that the evidence of the prior sexual offense should be admitted in evidence because was relevant to show a common plan and modus operandi, and because it corroborated the victim's testimony. In response, the defense argued that the circumstances of the two events were not similar enough to justify the admission of the collateral crime evidence.
The trial court compared the facts of the prior sexual offense to the those relating to the present charge and ruled that the evidence of the prior crime was inadmissible. In the order denying the State's motion, the trial court identified eight similarities and six differences between the charged offense and the collateral offense. The court reasoned that the evidence of the collateral crime should not be admitted in evidence in the defendant's trial, because the differences showed that the two offenses were "significantly dissimilar." Additionally, the court concluded that the prejudicial effect of admitting the collateral crime evidence would outweigh its probative value. The State seeks review of this decision.
As the State recognizes, the trial court's order is not subject to review in this court by appeal.[1] The supreme court has exclusive authority under Article V, section 4(b)(1), of the Florida Constitution to define the jurisdiction of the district courts of appeal to hear interlocutory appeals. Rule 9.140(c) of the Florida Rules of Appellate Procedure defines the jurisdiction of the district courts to hear appeals by the State in criminal cases. This rule specifies the kinds of orders the State may appeal in a criminal case and it does not include a pretrial order excluding evidence of a collateral crime.
A party can challenge an unappealable order by filing a petition for writ of certiorari in the appellate court, as the State has done here, but certiorari is an extraordinary remedy that is available only in limited circumstances. Certiorari is not a substitute for an appeal. See *957 Cotton States Mut. Ins. v. D'Alto, 879 So.2d 67 (Fla. 1st DCA 2004). As the Florida Supreme Court has explained, "`certiorari is an extraordinary remedy and [it] should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.'" Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000) (quoting Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla.1987)).
These general principles governing the use of certiorari apply in criminal cases as well as civil cases. The supreme court held in State v. Pettis, 520 So.2d 250 (Fla. 1988), that the State may file a petition for writ of certiorari to review a pretrial order in a criminal case if there is no adequate remedy by appeal and if the order is a departure from the essential requirements of law. However, the court cautioned that certiorari should not be used as a matter of course in place of an interlocutory appeal. On this point the court said that "it would be counterproductive for the State to have a full right of interlocutory appeal from all pretrial orders because this would mean the district court of appeal would have to entertain the appeal on its merits which would often result in unnecessary delay." Id. at 253.
Because certiorari is used to correct only the most serious errors, it is not enough to show that the order to be reviewed is incorrect. To obtain review of a pretrial order in a criminal case by certiorari, the State must show that the order is a departure from the essential requirements of the law. The supreme court defined this phrase in Combs v. State, 436 So.2d 93, 95-96 (Fla.1983), in the following terms:
In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
By this standard, the court was plainly referring to something more than the kind of routine legal error that would be addressed in an appeal.
The petitioner in Combs sought review of an appellate decision by the circuit court. However, the same standard applies when a petition for writ certiorari is filed to review a pretrial order, as it was in the present case. Citing its opinion in Combs, the court explained in Pettis, that "[w]hile some pretrial evidentiary rulings may qualify for certiorari, it must be remembered that the extraordinary writ is reserved for those situations where `there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Pettis, 520 So.2d at 254.
It is apparent from the principles articulated in Pettis and Combs that the question presented here is not whether this court can review the order excluding the collateral crime evidence, but whether it should. It is not for us to say that the trial court's analysis is correct or incorrect. We must decide whether the trial court committed an error so serious that it amounts to a miscarriage of justice. In our view, the arguments in this case fall far short of the mark.
The State does not contend that the trial court applied the wrong procedure in evaluating the admissibility of the evidence. Nor does the State contend that the trial court applied the wrong law in deciding *958 the issue on the merits. All that is in controversy here is the way in which the trial court applied the law to the facts. The State simply takes issue with the trial court's conclusion that the collateral offense was not similar enough to qualify for admission in evidence. Even if we were to accept the State's argument that the trial judge erred in concluding that the offenses were not similar enough, we could hardly characterize this alleged error as a departure from the essential requirements of law.
We acknowledge that in some of the cases cited by the State, the courts seem to have treated certiorari like an appeal. For example, in State v. Richman, 861 So.2d 1195 (Fla. 2d DCA 2003), the reason the court gave for quashing an order excluding collateral crime evidence was that the trial court erred in concluding that the facts of the collateral crime were not similar enough to the charged offense. Likewise, it appears from the opinion in State v. Maisto, 427 So.2d 1120 (Fla. 3d DCA 1983), that the court granted certiorari mainly because it disagreed with the trial court as to the requisite degree of similarity between the collateral crime and the charged offense.
More recently, however the Second District Court of Appeal emphasized that certiorari is an extraordinary remedy which should not be used merely to express disagreement with a pretrial ruling on the admissibility of collateral crime evidence. See State v. Storer, 920 So.2d 754, 758 (Fla. 2d DCA 2006). The court noted that such a decision is discretionary with the trial judge and that the State "would seem to have a very heavy burden of persuasion in establishing that the trial court's discretionary decision departed from the essential requirement of the law." In several parts of the opinion, the court expressed its reservations about the correctness of the order under review, yet the court ultimately denied the State's petition on the ground that it did not meet the standard set in Pettis and Combs.
One other aspect of the Storer opinion is worthy of discussion here. The court observed that most opinions since Pettis "have come in the context of challenges to orders that prevented the State from presenting evidence that was critical to its case." Id. While that may be correct, the court was not suggesting in this passage that the State has a right to relief by certiorari merely by showing that the evidence was critical. The applicable standard pertains to the seriousness of the error, not the impact of the ruling.
Although we are concerned that the opinions in Richman and Maisto might create an inaccurate impression about the scope of review on certiorari, we have no reason to disagree with the decisions in those cases. We do wish to make our own view clear, however, that certiorari does not lie merely to challenge the correctness of a pretrial order in a criminal case. Among other requirements, the State must show that the trial court made an error so serious that it amounts to a miscarriage of justice. It is not enough to show that the trial court was mistaken. If that were the case, every pretrial order in every criminal case would be subject to review by certiorari.
For these reasons, we conclude that the petition for writ of certiorari must be denied. The State has failed to show that the order excluding collateral crime evidence was a departure from the essential requirements of the law.
Petition denied.
ALLEN and LEWIS, JJ., concur.
NOTES
[1] The state has a right under section 924.07(1)(l) to appeal an order excluding collateral crime evidence, but this statute applies only in appeals from county court to circuit court. See Blore v. Fierro, 636 So.2d 1329 (Fla.1994).