978 So.2d 807 (2008)
STATE of Florida, Petitioner,
v.
Robert Nelson BALDWIN, Respondent.
No. 1D07-3077.
District Court of Appeal of Florida, First District.
January 7, 2008.
Rehearing Denied March 7, 2008.
Bill McCollum, Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Petitioner.
*808 Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, for Respondent.
LEWIS, J.
The State of Florida petitions this Court for a writ of certiorari to review a trial court order excluding three witnesses from testifying in the State's case-in-chief. The trial court's ruling was based on its determination that Robert Baldwin, Respondent, had been afforded insufficient time to prepare for the cross-examination of these witnesses. However, neither the trial court's order, nor the hearing transcript reflects consideration of reasonable alternatives to the categorical exclusion of these witnesses. Because the trial court departed from the essential requirements of the law in failing to undertake such a consideration, we grant the petition and remand the case for further proceedings consistent with this opinion.
A petition for writ of certiorari is the proper vehicle for seeking review of a pretrial order excluding critical evidence from the State's case in a criminal trial. State v. Storer, 920 So.2d 754, 758 (Fla. 2d DCA 2006). However, certiorari relief should not be granted merely because an appellate court concludes that the trial court's analysis was incorrect. State v. Smith, 951 So.2d 954, 957 (Fla. 1st DCA 2007). Instead, the State must demonstrate that "the trial court committed an error so serious that it amounts to a miscarriage of justice." Id. When the State challenges a pretrial evidentiary ruling via a petition for writ of certiorari, it must show that the trial court either "applied the wrong procedure in evaluating the admissibility of the evidence" or "applied the wrong law in deciding the issue on the merits." See id.
Witness exclusion is a severe measure, to be invoked as a last resort. Donaldson v. State, 656 So.2d 580, 580 (Fla. 1st DCA 1995). A trial court is permitted to exclude witnesses only under "the most extreme or compelling circumstances, particularly when the excluded testimony relates to critical issues or facts and the testimony is not cumulative." Id. at 581. For this reason, this Court has observed that a trial court may use its discretion to exclude witnesses only after conducting "an adequate inquiry to determine whether any other reasonable alternatives might be used to overcome or mitigate possible prejudice." Id. A trial court must strictly adhere to this procedure because excluding a witness from trial implicates the State's right to a fair trial, which includes the right to call witnesses. See State v. Gerry, 855 So.2d 157, 161 (Fla. 5th DCA 2003) (acknowledging that these rights belong to both the State and the defendant).
Here, certiorari relief is appropriate because the trial court failed to inquire into reasonable alternatives to the categorical exclusion of three State witnesses, and thus, failed to apply the proper procedure for taking the extreme measure of preventing a witness from testifying.[1] It was proper for the trial court to consider whether the defense had been given sufficient time to prepare for the cross-examination of these witnesses, particularly because Respondent had invoked his right to a speedy trial. See Vega v. State, 778 So.2d 505, 506 (Fla. 3d DCA 2001)("A defendant *809 should not have to choose between the right to a speedy trial and the right to discovery within sufficient time to adequately prepare for trial."). However, this consideration did not eliminate the need for the trial court to consider reasonable alternatives to complete exclusion, as required by Donaldson, 656 So.2d 580-81.
Accordingly, the petition is GRANTED, the order is QUASHED, and the case is remanded for further proceedings consistent with this opinion.
VAN NORTWICK and THOMAS, JJ., concur.
NOTES
[1] We acknowledge that the trial court's order did not prevent the witnesses from testifying as rebuttal witnesses. However, under such an allowance, whether the witnesses would be permitted to testify was entirely within the control of the defendant. Thus, for all practical purposes, these witnesses were excluded from the trial, and the State's right to call witnesses was violated.