THOMAS, J.,
concurring.
I concur in affirming the denial of Appellant’s Motion for Postconviction Relief, but note that Appellant persuasively argues that trial counsel could have more vigorously challenged discrepancies in the similar-fact testimony and more zealously cross-examined an important State witness regarding her plea arrangement with the State.
The trial court found, however, that no prejudice could have occurred from trial counsel’s representation, based on the facts of the case. Further support of the trial court’s order is found in defense counsel’s testimony regarding Appellant’s expressed request to avoid certain actions regarding the similar-fact testimony, Appellant’s decision to waive any right to a hearing regarding discovery violations, and more importantly, trial counsel’s strategic decision to limit cross-examination when one of the similar-fact witnesses began crying. In addition, as noted by the trial court, defense counsel successfully obtained a pretrial order excluding the similar-fact testimony of three witnesses, which was eventually reversed by this court’s holding in State v. Baldwin, 978 So.2d 807 (Fla. 1st DCA 2008), which granted the State’s petition for writ of certiorari. Following this court’s decision, trial counsel continued to vigorously challenge the admissibility of the similar-fact testimony. Additionally, and perhaps most significant to the trial court’s ruling, the investigator who originally talked with the similar-fact witnesses confirmed that although there were discrepancies in one witness’ testimony, the investigator “also confirmed that the specific allegations ... never changed and that [the similar-fact witness’] allegations were very similar to the claims” of other witnesses. Thus, the trial court found, “[e]ven assuming arguen-do that trial counsel’s performance was deficient, it cannot be said that the Defendant was prejudiced to the extent that there is a reasonable probability that the outcome of the trial would have been different.”
Thus, applying the appropriate test, which is highly deferential to defense counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and requires a showing of actual prejudice, the trial court’s ruling denying relief is properly affirmed by this court.